No. 81.—WILLIAM B. BROWN, surviving co-partner of J. T. &
W. B. Brown, *vs.* WILLIAM UPTON, defendant, and WILLIAM
SIMS, administrator of John Upton deceased, claimant.

[1.] The sayings of the defendant in execution are not admissible in favor
of the claimant; nor are the sayings of the claimant admissible, in his
own behalf, except so far as they are a part of the same conversation,
proven by the plaintiff in execution. They are good in favor of the plain-
tiff in execution.

Claim, in Stewart Superior Court.    Tried before Judge IVER-
SON.

This case came up from Stewart, on the trial of a claim
case, in which the surviving co-partner of the firm of J. T. &
W. B. Brown are the plaintiffs, and William Upton, defendant in
*fi. fa.* and the administrators of John Upton, claimants.    The
facts disclosed by the record are as follows :    The levy of the
*fi. fa.* upon that portion of lot No. 200, in the 23d district of
Stewart County, upon which the defendant in *fi. fa.* lived and
died—that is, from the year 1843 to 1851, and that the widow
of the deceased defendant in *fi. fa.* was, at the time of the
trial in the Court below, still living upon the land ; that the
Constable who levied the *fi. fa.* on the land, has frequently
heard the intestate, John Upton, say, " that he had given said
land to William J. Upton, the defendant in *fi. fa.;* that one
Underhill E. Davis, who, together with others, leased some
land from the intestate, John Upton, for the purpose of getting
timber thereon, had been ordered by the defendant in *fi. fa.*
not to cut the timber off of the lot of land occupied by the
defendant in *fi. fa.*, and that said defendant claimed said
land as his own.    Witness then went to the intestate, John
Upton, who confirmed the statement of the said defendant in
*fi. fa.;* and that he (John) had given him, (said William,) the
land.    Upon the part of the claimant, it was shown by the tes-
timony of a witness, taken by commission, that witness had nev-

er known the defiendant in *fi. fa.* claim the lot of land upon which he lived and died; but she had heard him say, he had told his father "if he, John Upton, would give him said land, and a certain mule, that he, William, would give him a clear receipt against his estate; and that his father refused to do so." This declaration was made about four days before he died; and that the defendant in *fi. fa.* stated to his wife, that "he was sorry he did not leave a place for her, if it was not more than forty acres of land."

The plaintiff's counsel then moved the Court to exclude so much of the testimony as included the sayings of the defendant in *fi. fa.* as to his title; which motion the Court overruled, and allowed the testimony; to which said ruling of the Court, the plaintiffs in *fi. fa.* by their counsel, excepted.

The claimant also showed the declarations of the intestate, John Upton, claiming the land in dispute, as his property, as also the declarations of the defendant in *fi. fa.*, stating that the land belonged to his father, John Upton, claimant's intestate; and plaintiff, by his counsel, objected to the introduction of said evidence, which said objection the Court overruled; to which said decision, the plaintiff, by his counsel, excepted; and this cause is brought up for review, and the said several rulings and decisions therein excepted to, assigned for error.

Tucker, for plaintiff in error.

J. M. Clark, for defendant in error.

*By the Court.*—Nisbet, J. delivering the opinion.

[1.] The question whether the sayings of the defendant in execution, in favor of the claimant, upon the trial of a claim case, are admissible, is not open in this Court. They were determined to be inadmissible, in *Williams vs. Kelsey and Halstead,* 6 *Geo. R.* 376, 377.

The admissions of the claimant are good against his title, in favor of the plaintiff in execution, but not in favor of it, in his own behalf. If, however, the sayings of the claimant are given in, in favor of the plaintiff in execution, whatever he may have said at the same time, and in the same conversation, in his own favor, is legal testimony for him. The whole of what he said at the time, must go to the Jury.

Counsel for defendant in error sought to avoid the effect of the errors assigned, by assuming that it appears from the record that the plaintiff in execution had shown himself that the land was not subject, by proving a parol gift of it to the defendant in execution. Being a parol gift, he says that it is void by the Statute of Frauds; and if so, no title passed to the defendant in execution, and the land is not subject. The evidence is, that the father of the defendant in execution, *gave the land to him*; but whether, by parol or deed, does not appear. The record, therefore, does not warrant the assumption.

Let the judgment be reversed.